Dorothea E. Donaldson, J.
In this motion for dismissal, a renewal of Motion No. M-10219 which was determined by order of this court on July 24,1967 and permission for its renewal was granted by decision of the Appellate Division, Third Judicial Department (30 A D 2d 630), on May 27, 1968 and its order entered July 1,1968, the defendant maintained that these claims should be dismissed predicated upon the provisions of rule 7 of the Rules of the Court of Claims (basis for the previous motion) as well as pursuant to CPLR 3216 (subd. [a]) and subdivision 3 of section 19 of the Court of Claims Act. Claimants maintained that the motion should be denied on the ground that the Appellate Division, Third Judicial Department, has determined that there is merit to the claims which may be resolved only upon a trial and determination of the facts. They *723 also argued that the failure to move the claims for trial was predicated upon their ignorance of the rules and practice and procedure in the Court of Claims. Claimants now offer to request the court to again set a trial date.
The court, in its order of July 24,1967, exercised its discretion and dismissed the claim for failure to prosecute under the provisions of rule 7 of the Buies of the Court of Claims. Since that date, the claimants have not on their own motion moved in this court for a dismissal of that order nor complied with the provisions of rule 7 wherein application would be made to the member of the court who executed the order, indicating the precise bases for failure to move the claims for trial on the calendar of the court or for the submission of agreeable trial date or dates.
The automobile accident, which is the basis of these claims, occurred on the Cross-Westchester Expressway on May 12, 1963. On August 8, 1963, notice of intention to file a claim was submitted. On May 18, 1964, these claims were filed in the office of the Clerk of the Court of Claims. By order of this court, dated September 24, 1964 and filed September 25, 1964, claimants were granted an examination of the State of New York before trial and for discovery and inspection. Two years later, on October 7, 1966, the examinations before trial were completed. The Poughkeepsie District for the Court of Claims was established in September, 1965 and has operated continuously. At the calls of the calendar, beginning with September, 1965 and continuing through January, 1967, (which, in this court, would be four terms) claimants’ attorneys did not attend, were not represented and the claims were marked ready for trial. The claims were printed as Calendar Nos. 36 and 37 on the January, 1967 calendar for the Poughkeepsie District. At the call of the calendar on January 3, 1967, claimants requested the Attorney-General to inform the court that in a few months they would be ready for trial.
The Besident Judge of a District of the Court of Claims is responsible for the prompt disposition of claims in accordance with calendar sequence. Due to the low calendar numbers, these claims were marked for early disposition in the January-June 1967 Term. The calendar clerk for the District contacted claimants’ attorneys by telephone on occasions too numerous to recount and was given innumerable reasons by the managing clerk why the claims were not available for trial at the times that the court was ready to set a date for them. Then, the Besident Judge set a conference at which claimants’ attorneys promised to appear in order to set a trial date. For the convenience of claimants’ attorneys, whose offices are situated in *724 the City of New York, this conference was to be held on March 2, 1967 in Chambers of Part "VTI of the Westchester County Supreme Court in its courthouse in White Plains. On that date, no representative from the office of claimants’ attorneys appeared but an attorney with offices in the City of White Plains did respond. He advised the court that he had no knowledge of the claims and had no authority to discuss a trial date. At this point the court directed the parties to submit a written communication on or before March 8, 1967, stating whether they were ready to proceed to trial or to discontinue the claims. Communication was received from claimants ’ counsel that they would be ready to proceed to trial in approximately mid-April. From that date until June 5 the calendar clerk for the Poughkeepsie District communicated by telephone with claimants’ attorneys’ office and again received a series of various evasions and reasons why the matter could not be set for a definite trial date.
Finally, the Resident Judge directed the calendar clerk to peremptorily set the matter for trial for June 12, 1967 and to advise the Attorney-General’s office and claimants’ attorneys. By phone and by letter the parties were so advised. In order to avoid loss of trial time on the part of the Presiding Judge, claimants were contacted on Friday, June 9, to determine whether or not they were prepared to proceed. No definite response was given; it was not until 4:30 in the afternoon of that date that Thomas F. Meagher, Esq., trial counsel for claimants ’ firm, advised the calendar clerk that he was ready to proceed to trial on Monday morning, June 12. In that interval, based on previous experience and not to delay the trial of actively litigated claims, the calendar clerk had been directed to obtain a claim that was available for trial for that precise date, June 12, and so advised claimants’ attorney. Mr. Meagher did not appear in court on June 12 ready for trial so the substituted claim was tried.
The Attorney-General assigned to represent the State of New York in these matters, not being able to secure a definite response from claimants’ attorneys whether or not they would be ready for trial on June 12, submitted a motion to dismiss the claims for failure to prosecute, returnable on June 20, 1967. The motion papers had been transmitted to claimants ’ attorneys by the time that Mr. Meagher communicated with the calendar clerk’s office of the Poughkeepsie District in the late afternoon of June 9.
Neither Mr. Meagher nor claimants’ firm of attorneys has presented affirmative proof to substantiate the reasons for delay *725 and the failure to move these claims to trial. Other lawsuits in other courts, arising from the same accident, have not yet proceeded to trial.
Pleading ignorance of the procedures within the Court of Claims or the rules of or provisions of the Court of Claims Act is no excuse. The mechanics of assigning trial counsel within a law office should not be the concern of the court. (Sortino v. Fisher, 20 A D 2d 25.) The duty of prosecuting the claims lies with the claimants, not with the defendant or with the court. The progress of trials and of calendar disposition are within the control of the court and should not be subject to the vagaries of excuses by counsel. (Stern v. State of New York, 11 A D 2d 585.) The delaying action of claimants’ attorneys’ trial tactics placed an undue burden upon the court. It is no excuse for claimants to become active on the eve of a motion to dismiss for neglect or to become active thereafter (Sortino v. Fisher, supra.)
The problem of dismissal for general delay under CPLR 3216 in this court is sm generis. The second paragraph of CPLR 3216 has no application whatsoever in the Court of Claims as no note of issue or its equivalent is provided for either in the Court of Claims Act or in its rules.
The excuse for delay is insufficient, as are the affidavits of merits. In defending the original motion to dismiss, as well as the renewal motion, claimants rely upon affidavits of merits and transcripts of examinations before trial. These documents must contain evidentiary facts establishing that claimants have a viable cause of action. Neither the transcripts nor the affidavits of merits contain anything more than conjecture that the driver of the westbound vehicle on the eastbound lanes of the Cross-Westchester Expressway collided head-on with claimants’ car either as a result of the alleged failure of the State of New York to adequately warn, light or otherwise identify the exit ramp of the Expressway or to maintain or construct the same in accordance with good engineering practice, or as a result of her alleged contributory negligence. Claimants’ counsel argued upon the renewal of the motion that the documents supported, at the least, the contention that the State was concurrently negligent.
It is the opinion of the court that claimants’ attorneys have unreasonably neglected to prosecute the actions and to process the claims for trial and have failed to submit adequate affidavits of merits in support of a viable cause of action.
Accordingly, the motion of the defendant to dismiss these claims for failure to prosecute is granted.